UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE

50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

# LETTER OPINION

November 25, 2009

Lewis G. Adler
Law Office of Lewis Adler
26 Newton Avenue
Woodbury, NJ 08096
*Attorneys for Plaintiffs*

Dennis J. Drasco
Lum, Drasco & Positan, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
*Attorneys for Defendant Fein, Such, Kahn & Shepard, PC*

    Re:    *Shinn* et al. *v. Champion Mortgage* et al.
            Civil Action No. 09-CV-00013 (WJM)

Dear Litigants:

    This matter comes before the Court on the Motion to Dismiss of Defendant Fein, Such, Kahn & Shepard, P.C. ("Fein"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  Oral arguments were not held.  Fed. R. Civ. P. 78.  For the reasons set forth below, Defendant Fein's motion is **GRANTED** with prejudice.

**I.    BACKGROUND**

    Plaintiffs Stanley and Catherine Shinn ("the Shinns") obtained a mortgage from Defendant Champion Mortgage Company, Inc. ("Champion").  Cmplt. ¶ 13.  Champion is

a non-depository licensed lender, licensed in the State of New Jersey, and a division of Key Bank USA, N.A. ("Key Bank"). Cmplt. ¶¶ 2, 14. Key Bank is a national bank chartered in Ohio. Cmplt. ¶ 7. Fein is a law firm retained by Champion with offices in New Jersey. Cmplt. ¶ 3.

The mortgage was in the amount of $102,000 and was obtained for the purchase of Plaintiffs' home in Oaklyn, NJ. Cmplt. Ex. B; *Id*. ¶ 1. The mortgage contract was executed on April 23, 2001. Cmplt. ¶ 13. By October 2004, the Shinns had begun to miss payments. Cmplt. ¶ 15. On February 22, 2005, Champion, represented by Fein, initiated foreclosure proceedings against the Shinns. Cmplt. ¶ 16. On that same day, Champion also sent Plaintiffs a letter offering to reinstate the original mortgage and abstain from going forward with the foreclosure in exchange for a reinstatement fee in the amount of $7,981.07 (the "reinstatement fee"). Cmplt. ¶ 17. The reinstatement fee was broken down as follows: $4,190.55 in principal and interest, $209.55 in late fees, $377.19 in deferred late fees, $60 in non-sufficient fund charges, $550.68 for a corporate advance balance, and $2,593.10 in attorney's fees and costs. Cmplt. Ex. A. The letter specified that the reinstatement fee would have to be paid by March 7, 2005, or new figures would need to be obtained. *Id*.

On June 22, 2005, Champion sent the Shinns a letter and contract (the "Forbearance Agreement") adjusting the amount of the reinstatement fee to $12,905.24, with a required down payment of $7,000, presumably because the Shinns had not paid by the March 7, 2005 deadline. Cmplt. Ex. B. The document was on Champion letterhead and is silent as to whether or not it was prepared with Fein's assistance. *Id*. The Forbearance Agreement also clearly states that "Champion Mortgage is a debt collector attempting to collect a debt and any information obtained will be used for that purpose." *Id*. The terms of the Forbearance Agreement were approved by Champion's mitigation loss manager and agreed to by the Shinns. Cmplt. ¶ 19. There are no allegations by any party that the Forbearance Agreement is in default, and according to the Complaint, it has been paid in full. *Id*. There is no additional information about the status of the Shinns' reinstated mortgage.

On January 2, 2009, the Shinns filed a complaint with this Court again Champion, Key Bank, and Fein. They seek to bring the matter as a class action. The complaint contains eleven counts total, three of which are brought again Fein: (1) negligence (Count II), (2) breach of the duty of good faith and fair dealing (Count III), and (3) unjust enrichment (Count IV). Specifically, Plaintiffs allege that Champion and Fein "have engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law," including attorneys' fees and costs in excess of those actually incurred. Cmplt. ¶ 20. The complaint contains few additional or supporting factual details. The gravamen of Plaintiffs' claims against Fein appears to relate to the law firm's representation of Champion with respect to preparing the foreclosure and forbearance documents.

## II. ANALYSIS
### A. Standard of Review

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id.* at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

### B. Count II– Negligence

The complaint alleges that Fein was negligent with respect to servicing Plaintiffs' mortgage loan. Cmplt. ¶ 44. However, Plaintiffs' negligence claim fails with respect to Fein, because Fein did not owe Plaintiffs a duty.

To state a claim for negligence, a plaintiff must show: (1) the existence of a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by the defendant, (3) injury or damages to the plaintiff, and (4) that the injuries were proximately caused by the defendant's breach. *See Anderson v. Sammy Redd and Associates*, 278 N.J.Super. 50, 56 (App. Div. 1995). The existence of the duty necessary to support a negligence claim is a question of law to be determined by the court. *Id.*

Plaintiff cannot demonstrate that Fein owed the Shinns a duty of care. Plainly, there was no contractual relationship between Plaintiffs and Fein. As Plaintiffs correctly observe, there are certain circumstances in which an attorney may owe a duty of care to a non-client with whom there is no contractual relationship. *See Restatement (Third) of the Law Governing Lawyers* § 51(2000)*; Banco Popular North America v. Gandi*, 184 N.J. 161, 179-180 (2005) (finding that an attorney may owe a duty of care to a non-client

when both the attorney knew or should have known that the non-client might rely on the attorney's work and the non-client did rely); *see also Petrillo v. Bachenberg*, 139 N.J. 472, 483 (1995) (stating that a lawyer may owe a non-client a duty of care, but only if the lawyer invites or acquiesce in the non-client's reliance so as to "cabin the lawyer's duty, so the resulting obligation is fair to both lawyers and the public).

However, such circumstances are not pled here. The letter pertaining to the reinstatement fee was on Champion letterhead, as was the Forbearance Agreement. The Forbearance Agreement also clearly stated that any information obtained was to be used for the specific purpose of collecting a debt. The Shinns do not allege, nor is it reasonable to believe, that Fein, a law firm representing the Shinns' adversary, would have invited the Shinns to rely on its representations or calculations. Further, the Shinns do not allege, nor is it reasonable to believe, that Fein should have known the Shinns might rely on its representations or calculations. *See Perkins v. Washington Mutual, FSB*, 2009 WL 2835781 (D.N.J.) (finding that, in highly similar circumstances, an attorney representing a defendant mortgage company in an action brought by dissatisfied mortgage holders did not owe the non-client mortgage holders a duty of care because it was "simply not plausible that the attorney invited Plaintiffs to rely" on his work nor was it plausible to believe that "the attorney should have knows Plaintiffs would rely" on his work). To find a duty of care in this factual situation would not comport with the need for fairness set out in the Restatement and echoed in New Jersey law. Therefore, the claim fails to state a claim for negligence and must be dismissed as to Defendant Fein.

### C.    Count III– Breach of the Duty of Good Faith and Fair Dealing

Count III alleges that Fein breached the duty of good faith and fair dealing owed to Plaintiffs. Cmplt. ¶ 51. While New Jersey recognizes an implied duty of good faith and fair dealing in every contract, there can be no such duty in the absence of a contract. *See Grygorcewicz v. Schweitzer-Manduit Intern., Inc*., 2009 WL 235623, at *2 (D.N.J.) (because the duty of good faith and fair dealing exists as the result of parties entering into a contract, "it is axiomatic that a contract must exist" before a court will infer this covenant); *see also Noye v. Hoffmann-La Roche Inc.,* 238 N.J.Super 430, 434 (App. Div. 1990) (without a contract, the duty of good faith and fair dealing cannot be implied).

Here, Fein represented the Shinns' adversary, Champion Mortgage. Plainly, there was no contractual relationship between Fein and the Shinns. Nor do the Shinns allege the existence of any quasi-contractual relationship. Without a contract, there can be no breach of the duty of good faith and fair dealing. Therefore, this claim fails to state a claim for relief and must also be dismissed with respect to Fein.

### D.    Count IV– Unjust Enrichment

The final claim brought against Fein is unjust enrichment. Plaintiffs allege that Fein has "collected monies that are not due and owing under applicable contract law

because the contract or other applicable law does not permit" such fees and charges, and that Fein has been unjustly enriched by this conduct. Cmplt. ¶¶ 55-57. This claim also fails, for multiple reasons.

In New Jersey, the common law doctrine of unjust enrichment "requires that plaintiff show that it expected remuneration from defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Group v. GKN Realty Corp.*, 135 N.J. 539, 555 (1994). Here, as already established, there was no contractual relationship between Fein and the Shinns, nor do Plaintiffs allege any kind of quasi-contractual relationship with Fein.

Moreover, the Complaint does not allege that the Shinns ever paid any fees to Fein at all. As stated, the mortgage contract was between the Shinns and Champion, and therefore all payments were made from the Shinns directly to Champion.[1] Plaintiffs make no allegations that they ever made any payments to Fein. Thus, any alleged overcharges were paid to Champion, not to Fein. This claim must also be dismissed against Fein.

### III.   CONCLUSION

For the reasons stated above, Defendant Fein's Motion to Dismiss is **GRANTED** and Plaintiffs' complaint against Defendant Fein is **DISMISSED** with prejudice. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] Additionally, the mortgage foreclosure proceeding was resolved in an out of court settlement. Therefore, to the extent that the Shinns claim attorneys' fees charged by Champion were in excess of the amount permitted by statute in foreclosure proceedings, it does not even appear that any legal fees were ever paid for foreclosure proceedings.